STATE OF WEST VIRGINIA

*v.*

EDNA C. PUTNAM

(No. 13258)

Decided June 18, 1974.

*Goodwin, Goodwin, Bryan & Lobert, Stephen P. Goodwin* for plaintiff in error.

*Chauncey H. Browning, Jr.,* Attorney General, *Richard E. Hardison,* Deputy Attorney General, *Betty L. Caplan,* Assistant Attorney General for defendant in error.

NEELY, JUSTICE:

This is an appeal from a final order of the Circuit Court of Jackson County entered upon a jury verdict which found the defendant guilty of the crime of voluntary manslaughter. The evidence indicates that on August 4, 1971, the defendant, Edna C. Putnam, shot her husband, Harry S. Putnam, at their home in a rural section of Jackson County.

The evidence is uncontroverted that the deceased, when drinking, often physically abused the defendant, and that four days before the shooting, the deceased, under the influence of liquor, so severely beat the defendant that she required hospitalization.

There were no eyewitnesses to the incidents which led to the shooting. Delano McDougal, the defendant's son-in-law, however, was on the premises at the time and heard the deceased and the defendant quarreling. McDougal was unaware of the substance of the argument, and observed nothing until immediately before the shooting when he heard a door slam, and then witnessed the defendant shoot the deceased who was sitting on a couch on the front porch. McDougal was unable to testify whether the deceased was approaching the defendant in a threatening manner, but he did testify that after the first shot, and through three successive shots, the deceased was crawling toward the defendant. At trial the defendant relied entirely on self-defense.

The defendant testified that at the time of the shooting she was recovering from the deceased's beating of the previous Sunday, and had spent Monday and Tuesday nights in an outbuilding to avoid further abuse from the deceased. She testified that immediately before the shooting she and the deceased began to quarrel through a window of the trailer. The defendant testified that the deceased threatened to "wring her neck" and started to get up, whereupon the defendant picked up a pistol and shot him. The pistol which the defendant used was kept

in the kitchen for the purpose of killing rodents and other vermin, and was generally available to any member of the household.

The defendant argues five principal errors which will be considered sequentially. The first assignment of error is that the trial court erred by re-reading an instruction concerning the various verdicts which may be returned under a first degree murder indictment. The second reading was in response to a juror's question. When defense counsel objected to the court's having read this instruction a second time, the court offered to read all of the instructions again, but defense counsel did not accept the offer. As the court gave the defendant the opportunity to have all of the other instructions read a second time, we hold that any error was cured.

Defendant maintains that the court erred in giving the following instruction:

> "The Court instructs the jury that the rule of law is that a woman is presumed to intend that which she does or which is the necessary consequence of her act."

The Court sees no error in this instruction, as similar instructions have been approved numerous times in this State. *State v. Hertzog,* 55 W.Va. 74, 46 S.E. 792 (1904); *State v. Taylor,* 57 W.Va. 228, 50 S.E. 247 (1905); *State v. Kellison,* 56 W.Va. 690, 47 S.E. 166 (1904). This is old and good law as far as it goes, and the facts of this case do not require any qualifications, as the issue of self-defense was adequately covered in other instructions.

The defendant's third assignment of error is the refusal of the trial court to give defendant's instruction No. 15, which said:

> "The Court instructs the jury that where one is attacked by another in such a manner or under such circumstances as to furnish reasonable grounds for apprehending a design to take away his life, or to do him some great bodily harm, and there is [sic] reasonable grounds for believing the

danger imminent that such design will be accomplished, and the person assulted [sic] has reasonable grounds to believe and does believe such danger imminent, he may act upon such appearances, and without retreating kill his assailant, if he has reasonable grounds to believe, and does believe that such killing is necessary to avoid the apparent danger; and the killing under such circumstances, is excusable, although it may afterwards turn out that the appearances were false, and there was in fact neither design to do him serious injury, nor danger that it would be done, but all of this is for you to decide from all of the evidence and circumstances of the case."

The Court finds that the principles set forth in defendant's instruction No. 15 did not fully state the law, *State v. Evans,* 33 W.Va. 417, 10 S.E. 792 (1890), and defendant's theory of self-defense as developed by the evidence was adequately presented to the jury in defendant's instruction No. 7 which said:

"If evidence the jury believe from preponderance of the intent that the defendant, Edna Putnam, believed that she was threatened by the deceased with death or great bodily harm, and if the circumstances were such that a reasonably prudent person would be justified in believing, and if the defendant did believe, that the danger or death or great bodily harm from the deceased was actual and imminent and that such danger could be averted only by taking the life of the deceased, then the homicide is justifiable and the defense of self-defense is valid. You are, therefore, instructed that if you believe from preponderance of the intent Edna Putnam was threatened by the deceased with death or great bodily harm, and if you believe by a preponderance of the evidence that the circumstances were such that a reasonably prudent person would be justified in believing, and if you believe that Edna Putnam did believe, that the danger of death or great bodily harm from the deceased was actual or imminent, then the killing of Harry Putnam was justifiable under the law, Edna Putnam's defense of self-defense is valid and you should find the defendant, Edna Putnam, not guilty."

Although the defendant is entitled to have her theory of the case expressed in her own words, she is not entitled to repetitive or redundant instructions covering substantially the same subject matter. *State v. Riley,* 151 W.Va. 364, 151 S.E.2d 308 (1966); *State v. Hamric,* 151 W.Va. 1, 151 S.E.2d 252 (1966); *State v. Hankish,* 147 W.Va. 123, 126 S.E.2d 42 (1962).

The fourth assignment of error is the failure of the trial court to direct a mistrial because a deputy sheriff, after relating a spontaneous utterance by the defendant, indicated to the jury that defendant continued to talk, although the substance of her statements had been suppressed by court order because of inadequate advice concerning her rights. Defendant maintains that the statement "the defendant continued to talk" violated the court's suppression order. The defendant cites no authority which stands for the proposition that this was error, and the Court sees no prejudice to the defendant resulting here. Although it would have been preferable that the deputy not make the offhand statement concerning further comments from the defendant, his statement was not deliberate, and the Court perceives no actual prejudice occasioned by that casual remark.

The last and most substantial error relied upon by the defendant is the court's refusal to give defendant's instruction No. 16 concerning the right of a threatened person to arm himself for self-defense. Defendant's instruction No. 16 said:

> "The Court instructs the jury that one who has been threatened with a murderous attack, and has reasonable grounds to believe that it will be made, may arm himself for defense, and no inference of malice can be drawn therefrom by the jury. Therefore, if you believe that Edna Putnam was threatened with a murderous attack and that she had reasonable ground to believe that a murderous attack would likely be made upon her, then you may not infer any malice from the fact that Edna Putnam was armed upon the occasion of the homicide."

In a murder case where the issue of previous threats on the part of the deceased is fairly raised and the defendant relies upon self-defense, the defendant is entitled to an instruction similar to defendant's instruction No. 16. *State v. Hardin,* 91 W.Va. 149, 112 S.E. 401 (1922). If the defendant had been convicted of either first or second degree murder, the failure to give defendant's instruction No. 16 would have been reversible error; however, as the defendant was found guilty of voluntary manslaughter, which does not require malice as an element of the offense, and further as the circumstances surrounding the availability of the pistol were fully developed and uncontroverted, the error was harmless. The jury heard that the defendant's pistol was available in the kitchen for the legitimate purpose of killing pests, and there was no suggestion that the defendant had deliberately sought out a weapon with which to kill her husband. Therefore, the Court holds that the trial court's failure to give defendant's instruction No. 16 was harmless error.

Accordingly the judgment of the Circuit Court of Jackson County is affirmed.

*Affirmed.*